Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001356
31-MAR-2017
08:43 AM

NOS. CAAP-14-0001356 AND CAAP-15-0000660

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-14-0001356
BANK OF AMERICA, N.A., Plaintiff-Appellee,
v.
MICHAEL JEAN PANZO, Defendant-Appellant,
and
EWA BY GENTRY COMMUNITY ASSOCIATION, Defendant-Appellee,
and
JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0152)

AND

CAAP-15-0000660
BANK OF AMERICA, N.A., Plaintiff-Appellee,
v.
MICHAEL JEAN PANZO, Defendant-Appellant,
and
EWA BY GENTRY COMMUNITY ASSOCIATION, Defendant-Appellee,
and
JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0152)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

In these consolidated appeals, Defendant-Appellant Michael Jean Panzo (**Panzo**) appeals from, *inter alia*, the January 20, 2015 "Order Denying [Panzo's] Rule 60(b) Motion for Relief from Judgment and for Evidentiary Hearing Filed September 18, 2014" (**Order Denying Relief**), and the August 18, 2015 Judgment (**Confirmation Judgment**), which entered judgment on the August 18, 2015 Order Granting Motion for Order Confirming Foreclosure Sale, Allowance of Costs, Commissions, Fees, Directing Conveyance and for Writ of Possession Filed April 15, 2015 (**Confirmation Order**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Panzo did not, however, appeal from the July 1, 2014 Judgment (**Foreclosure Judgment**), which was entered pursuant to the July 1, 2014 Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed July 25, 2013 (**Summary Judgment/Foreclosure Decree**).

In both appeals now before us, Panzo contends that Plaintiff-Appellee Bank of America, N.A. (**Bank of America**), lacked standing to foreclose on the subject mortgage and, therefore, the Circuit Court erred in denying relief from the Summary Judgment/Foreclosure Decree and Foreclosure Judgment in favor of Bank of America, as well as in entering the Confirmation Order.

---

[1] The Honorable Jeannette H. Castagnetti presided.

Notwithstanding the Hawai'i Supreme Court's recent decision in Bank of America, N.A. v. Reyes-Toledo, __ Hawai'i __, __ P.3d __, No. SCWC-15-0000005, slip op. at 12-14 (Feb. 28, 2017) (holding that a foreclosing plaintiff must establish its standing to foreclose by producing evidence that, at the time of the filing of the complaint, it was entitled to foreclose upon the defaulted note), we conclude that the *res judicata* effect of the Foreclosure Judgment bars Panzo's request for relief in this appeal. See Mortgage Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 304 P.3d 1192 (2013). In Wise, the supreme court held that, in foreclosure cases, the doctrine of *res judicata* precludes foreclosure defendants from raising defenses at the confirmation of the sale of the subject property that could have been raised in the earlier foreclosure proceedings, even if the *res judicata* defense is impliedly waived. Id. at 17-18, 304 P.3d at 1198-99.

Here, Bank of America did not raise the issue of *res judicata*. Nevertheless, the opinion in Wise specifically states that the preclusive effect of this doctrine can be raised on appeal by the appellate court. Id. at 18, 304 P.3d at 1199. The supreme court held that a "serious inconsistency" would otherwise result and therefore, "in the limited circumstances of foreclosure proceedings, we consider the merits of the *res judicata* defense, even if impliedly waived." Id. In Wise, like in the case now at bar, the foreclosure defendants' failure to appeal from the foreclosure judgment precluded them from raising the issue of standing on appeal from the order confirming sale.

Id. at 19, 304 P.3d at 1200. Thus, we conclude that, having not preserved the standing argument in conjunction with the Foreclosure Judgment, Panzo is not entitled to relief based on a standing argument in this appeal from the subsequent confirmation sale proceedings.

This court has similarly held, citing Wise and Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 433-34, 16 P.3d 827, 838-39 (App. 2000), that when the issue of standing to foreclose is barred by res judicata, an attempt to seek relief pursuant to Hawai'i Rules of Civil Procedure Rule 60(b) "is an untimely second bite at the apple." HSBC Bank USA, N.A. v. Collman, No. CAAP-13-0005087, 2016 WL 4480724 at *1 (Haw. App. August 24, 2016) (SDO); see also, e.g., Bank of America v. Kuchta, 21 N.E.3d 1040, 1045-47 (Ohio 2014) (res judicata precluded foreclosure defendants from relitigating standing in a Rule 60(b) proceeding). Therefore, Panzo's challenge to the Order Denying Relief, based on the issue of standing, is also without merit.

Accordingly, the Circuit Court's January 20, 2015 Order Denying Relief and August 18, 2015 Confirmation Order and Confirmation Judgment are affirmed.

DATED: Honolulu, Hawai'i, March 31, 2017.

On the briefs:

Melodie Aduja,
(Aduja & Aduja, AAL, LLLC),
for Defendant-Appellant.

Charles R. Prather,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4